**OKLAHOMA AEROTRONICS, INC., Appellant,**

v.

**UNITED STATES of America, et al., Appellees.**

**No. 80–2055.**

United States Court of Appeals, District of Columbia Circuit.

Argued 18 June 1981.

Decided 27 Aug. 1981.

John J. McMackin, Jr., Washington, D. C., with whom James C. Nemiah, Washington, D. C., was on the brief, for appellant.

Michael J. Ryan, Asst. U. S. Atty., Washington, D. C., with whom Charles F. C. Ruff, U. S. Atty., Royce C. Lamberth and Kenneth M. Raisler, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellees.

Eric S. Benderson, Washington, D. C., entered an appearance for appellee Small Business Administration.

Before WRIGHT, WILKEY and MIKVA, Circuit Judges.

PER CURIAM:

Appellant Oklahoma Aerotronics, Inc. (OAI) challenges a decision by appellee

Small Business Administration (SBA) terminating appellant from the SBA's 8(a) program for firms owned and controlled by socially or economically disadvantaged persons. The district court granted summary judgment for appellees on two alternate grounds. It found that the SBA's decision was rational and supported by the record and also that the court *could* rest its decision on a finding that it had no jurisdiction to hear the case. *See* Memorandum Order and Judgment 4–5, *reprinted in* Appendix (App.) at 9–10. We reverse the district court and instruct it to remand this case to the SBA for further proceedings.

 Our reversal is based on the egregious procedural errors committed by the SBA in deciding to terminate OAI from the 8(a) program. This is simple review under the Administrative Procedure Act (APA). 5 U.S.C. § 702 (1976). Appellees' arguments about sovereign immunity and injunctive relief are irrelevant. This court may hold unlawful and set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* § 706(2)(A). That is what we do here.

 The procedural history of the SBA's termination decision is astonishing. To understand the nature of the errors committed it is useful to list the SBA's actions in chronological order:

(1) On 4 April 1977 an SBA District Director in Oklahoma informed appellant that it would be given a program completion date of 31 March 1978, due to appellant's "satisfactory progress" in the 8(a) program. App. at 51. Appellant appealed this assignment of a completion date to the SBA's Board of 8(a) Appeals.

(2) On 26 April 1977 OAI was informed by a Regional Director that it was ineligible for the program and would be terminated effective 30 April 1977.

(3) Three days later, on 29 April 1977, the Regional Director notified OAI that the 26 April letter was "cancelled in its entirety," App. at 54, and then explained the reasons for the decision to terminate OAI's participation in the program. OAI was given thirty days to respond.

(4) Appellant responded on 26 May, and on 9 June the Regional Director notified OAI that it would be terminated from the program effective 13 June 1977.

(5) OAI appealed the termination to the Board of 8(a) Appeals, which held a hearing on 6 July 1977. OAI participated in the hearing. On 1 August OAI was notified that the Board had upheld the appeal and placed OAI in a program completion status effective 31 March 1978.

(6) On 10 August 1977, however, the Chairman reconvened the Board on the advice of the SBA General Counsel, who had determined that the Board had "overstepped its authority" in upholding OAI's appeal and issuing a notice of graduation. App. at 66. The Board then reached a new decision denying the appeal and terminating appellant effective immediately. *No notice of this reconsideration was given to OAI*, which was informed of the new decision 15 August. *No hearing was held.* Appellant received *no opportunity to file a written argument or to be represented* before the "reconvened" Board, even though two of the four Board members voting had not been present at the first hearing. App. at 66, 366. In short, the second "proceeding" was conducted entirely *ex parte.*

(7) OAI responded by filing a petition for rehearing, which was granted on 19 December 1977. On 7 and 8 March 1978 the Board held a *de novo* hearing. The appeal was denied on 22 March and this decision was communicated to OAI on 24 March.

These SBA actions present a clear case of reversible error. OAI was told its performance was satisfactory, then terminated, then reinstated, then terminated, and finally terminated for good. The rationales given for the various decisions were inconsistent. And, most devastating of all, the SBA conducted a secret and totally unauthorized meeting of its Board of 8(a) Appeals, at which it summarily reversed a prior decision arrived at after a full and open hearing. These errors destroy any plausible ba-

sis for the SBA's decision and require us to send the case back for further consideration.

The effect of our decision is to restore OAI to its status as an incumbent in the 8(a) program. The 1979 SBA decision denying OAI's *new* application for participation in the 8(a) program under the *new* 1978 criteria, *see* 15 U.S.C. § 637(a) (Supp. III 1979), is irrelevant. The 1978 amendments made a distinction between new applications and applications made by incumbents participating under the old 8(a) criteria. OAI is now in the latter position. Under the statute, therefore, OAI may not be terminated without a full hearing on the record under the APA. *Id.* § 637(a)(9). Moreover, the burden is on the SBA to establish that OAI is not eligible under the new criteria.

We of course express no opinion as to how the SBA should treat OAI's application. It may determine to grant it as a matter of routine, or it may hold a hearing to determine whether OAI meets the new criteria. But OAI must be permitted to participate fully in the 8(a) program until such time as a decision is made, following a hearing on the record, that OAI should be terminated. We reverse and remand to the district court and to the SBA for further proceedings not inconsistent with this opinion.

*So ordered.*